ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Application Under the Equal Access<br>  to Justice Act of -- | ) ) ) | |
| Tech Projects, LLC | ) ) | ASBCA No. 58789 |
| Under RFP Nos.  W9124Q-08-T-0003<br>                W9124Q-08-R-0004 | ) ) | |

APPEARANCE FOR THE APPELLANT:         Joseph E. Schmitz, Esq.
                                                           Schmitz & Socarras LLP
                                                           McLean, VA

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                                           Army Chief Trial Attorney
                                                           CPT Evan C. Williams, JA
                                                           Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER
## ON THE GOVERNMENT'S MOTION FOR SUMMARY DISMISSAL

### BACKGROUND

Appellant, Tech Projects, LLC (Tech Projects), has filed an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504(a). The government has moved for summary dismissal, contending that Tech Projects was not a "prevailing party" in the litigation that concluded. We agree, grant the motion, and deny the application.

In the previous proceedings, Tech Projects had appealed the contracting officer's decision that it was entitled to $32,185.90 of its claim. The contracting officer had denied Tech Projects claim for the remaining principal balance of $178,419.27 of the claim, which was under two requirements that did not result in formal written contracts. The government had moved to dismiss the appeal. We denied the government's motion to dismiss, concluding that Tech Projects had made non-frivolous allegations that it had implied-in-fact contracts. *Tech Projects, LLC*, ASBCA No. 58789, 15-1 BCA ¶ 35,940 at 175,660.

Subsequently, the contracting officer amended his decision. He stated:

> As Tech Projects' Claims appear to be in the nature of a
> bid protest – instead of typical contract claims – I believe
> the issues presented by Tech Projects' Claims to be novel.
>
> ...Based upon the governing law and the contract file
> before me, I believe that the Army's position up until this
> point is, and remains, justified. However, to avoid future
> litigation related to Tech Projects' claims, I believe that it
> is in the best interest of the Army to amend the 2013 Final
> Decision.
>
> Accordingly, I have determined that in addition to the
> $32,185.90 paid pursuant to the 2013 Final Decision, the
> Army will pay Tech Projects the remaining principle [sic]
> balance of Tech Project's Claims (i.e., $178,419.27) plus
> accrued interest from the dates the claims were submitted
> until payment of the claimed amounts is made.

(Government's Motion for Summary Dismissal (gov't mot.) at 4)

Following the contracting officer's amended final decision, the government filed a motion to dismiss by date of 17 February 2016. The government asserted that the "dispute has been rendered moot by voluntary government action." (Government Motion to Dismiss for Lack of Jurisdiction at 1) Citing the contracting officer's decision, the government contended that "this appeal should be dismissed for lack of subject matter jurisdiction as the dispute is moot" inasmuch as the contracting officer had granted the relief sought by Tech Projects in its claims (*id.*). By letter dated 18 February 2016, Tech Projects advised the Board that it "does not oppose the Army's Motion to Dismiss...and hereby stipulates to a final non-appealable Order of Dismissal so that it can promptly apply for prevailing party fees and costs pursuant [to] the Board's Equal Access to Justice Act Procedures."

By date of 4 March 2016, we dismissed the appeal as moot. We stated:

> The government has filed a motion to dismiss this
> appeal, stating that the contracting officer has voluntarily
> agreed to pay appellant the remaining principal balance of
> its claim, plus accrued interest, and hence that the appeal is
> moot. Appellant has responded, concurring in the request
> for dismissal and stipulating to a final non-appealable
> order of dismissal. Appellant has further stated that it

2

intends to file an application under the Equal Access to Justice Act upon dismissal.

The appeal is accordingly dismissed as moot.

*Tech Projects, LLC*, ASBCA No. 58789, 2016 ASBCA LEXIS 90 (4 March 2016).

By date of 6 April 2016, Tech Projects filed the present application under EAJA. Tech Projects asserts that it is a prevailing party and the government's position was substantially unjustified, citing our 4 March 2016 decision dismissing the appeal as moot, as well as the contracting officer's agreement to pay the remaining principal balance of the claim, plus accrued interest. (Application under the Equal Access to Justice Act (application) at 4). Tech Projects seeks out-of-pocket costs of $2,408.76 and legal and expert fees of $355,762.50 (application at 5).

By date of 13 April 2016, the government filed a motion for summary dismissal of Tech Projects' application. The government contended that "because Tech Projects has failed to secure a judgment in this action, it is not a 'prevailing party,' and does not qualify to recover under EAJA." (Government's Motion for Summary Dismissal at 1) The government asserted that the Board "neither issued a decision sustaining the appeal nor in any other way acted so as to effect a material alteration in the parties' legal relationship" (*id.* at 6). Nor, the government insisted, did the Board's dismissal of the appeal as moot constitute either a consent decree "or its functional equivalent" (*id.*).

Tech Projects strongly opposes. Tech Projects asserts that it is the "prevailing party" because the government "surrendered before the merits hearing, giving [Tech Projects] everything it had claimed plus...interest, and acknowledging Tech Projects' intent to file an EAJA claim." (Response to Army's Motion for Summary Dismissal of Application under the Equal Access to Justice Act at 1) Tech Projects urges that the government "abandoned" the issues in the litigation rendering Tech Projects the prevailing party as to the abandoned issues (*id.*). It tells us that "the Contracting Officer's decision on the eve of the merits hearing, although self-described by Army counsel as 'voluntary,' was anything but" (*id.* at 2).

## DISCUSSION

We reject Tech Projects' argument that it qualifies as a "prevailing party" under EAJA. Instead, we accept the government's core position that, because Tech Projects did not secure either a decision sustaining its appeal, or a consent judgment, it lacks "prevailing party" status.

We are guided by the court of appeals' decision in *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371 (Fed. Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003).

3

There, the Federal Circuit followed the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001) regarding the meaning of "prevailing party" in other fee-shifting statutes. In *Brickwood*, the court applied *Buckhannon* to EAJA and held that the Supreme Court had "unambiguously rejected the 'catalyst theory' except in instances where there is an enforceable judgment on the merits or a court-ordered consent decree, both of which create a material alteration in the legal relationship of the parties." *Brickwood*, 288 F.3d at 1380.

Other cases decided by the Federal Circuit, as well as our cases, also read *Buckhannon* to require either a judgment or a consent decree. *E.g.*, *Rice Services, Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) ("to demonstrate that it is a 'prevailing party,' an EAJA applicant must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those"); *Military Aircraft Parts*, ASBCA No. 59632, 15-1 BCA ¶ 35,897 at 175,487 (appellant was not a "prevailing party" because "we neither issued a decision sustaining the appeal nor in any other way acted so as to effect a material alteration in the parties' legal relationship" by dismissing the appeal after the parties reached a settlement); *Lasmer Industries, Inc.*, ASBCA No. 56411, 10-2 BCA ¶ 34,491 at 170,123 ("prevailing party" status requires "a Board decision sustaining the appeal, or a Board decision in the nature of a consent judgment," neither of which was present where government voluntarily withdrew its claim and the appeal was dismissed).

We are not dissuaded from this conclusion by *Benjamin S. Notkin & Associates*, ASBCA No. 29336, 87-1 BCA ¶ 19,483 at 98,456, on which Tech Projects relies. We held in *Notkin* that a contractor was entitled to attorney fees under EAJA with respect to an issue that the government had abandoned at the outset of the hearing. But *Notkin* long predates the Supreme Court's decision in *Buckhannon* and other cases cited above, and, as to the abandoned issues, seemingly employs a different "prevailing party" standard than the one used in those later cases.

Accordingly, we conclude that Tech Projects, having failed either to have its appeal sustained, or to obtain a consent judgment, is not a "prevailing party" under EAJA, and hence that the government's motion must be granted and Tech Projects' application must be denied.

4

## CONCLUSION

The government's motion for summary dismissal is granted. Tech Projects' application under the Equal Access to Justice Act is denied.

Dated:  21 July 2016

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 58789, Appeal of Tech Projects, LLC, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals